**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

CASE NO:

JOSHUA WINDHEIM, individually,
and on behalf of all others
similarly situated,

      Plaintiffs,

vs.

JG RESTAURANT VENTURES LLC
d/b/a BIG LOUIE'S PIZZERIA, a Florida
limited liability company,

      Defendant.

_____/

**<u>CLASS/COLLECTIVE ACTION COMPLAINT FOR DAMAGES</u>**
**<u>AND DEMAND FOR JURY TRIAL</u>**

Plaintiff, JOSHUA WINDHEIM ("Plaintiff"), on behalf of himself and others similarly situated, files this Class/Collective Action Complaint for Damages and Demand for Jury Trial against Defendant, JG RESTAURANT VENTURES LLC d/b/a BIG LOUIE'S PIZZERIA (referred to hereinafter as "Defendant" or "Big Louie's") for failure to pay federal minimum wages, Florida minimum wages, and federal overtime wages for certain hours worked to himself and all Restaurant Servers (hereinafter "Servers") who worked for Defendant in Hollywood, Florida, , and for FLSA retaliation, pursuant to 29 U.S.C. § 216(b), F.S. § 448.110, and Fla. Const. Art. X, §24, and in support states as follows:

**<u>INTRODUCTION</u>**

1.      Wage theft in the United States continues to ravage the country's workforce. Workers across the State of Florida are entitled to a minimum wage that provides a fulfilling life, protects employees from unfair wage competition, and does not force them to rely upon

taxpayer-funded public services to avoid economic hardship. *See* Fla. Const. Art X §24(a). Since 2004, the Florida legislature has mandated that all employers shall pay employees wages no less than the minimum wage for all hours worked throughout the State of Florida.  *See* Fla. Const. Art. X §24(c). These requirements extend to the restaurant industry and while Florida law allows employers operating in the restaurant industry to take a tip credit toward the applicable Florida minimum wage for customarily tipped employees the employer is nevertheless required to comply with strict requirements concerning the payment of a reduced wage. This class action lawsuit seeks to cure Defendant's blatant and egregious minimum wage violations on behalf of all Servers who worked for Defendant at Big Louie's within the past five (5) years in Hollywood, Florida. Defendant has failed to appropriately compensate Servers in accordance with the federal overtime laws, and federal and Florida minimum wage laws. In short, Defendant has taken advantage of its hard-working employees. When Plaintiff voiced his objection to these unlawful practices and complained to Defendant about these unlawful pay practices Plaintiff's employment was terminated. Plaintiff now seeks to stop Defendant from engaging in this unlawful conduct and to vindicate his rights along with the rights of all similarly situated Servers who were employed by Defendant within the past 5 years.

## <u>PARTIES</u>

2.      Plaintiff and the Class Members are/were Servers who worked for Defendant within the last five (5) years at Big Louie's located in Hollywood within Broward County, Florida.

3.      Plaintiff and the Class Members were paid less than the applicable Florida minimum wage by Defendant for certain hours worked in one or more workweeks.

4.      Plaintiff worked for Defendant as a Server from on or about March 2022, through on or about April 19, 2022.

5.      The proposed Class Members worked for Defendant as Servers in the same or identical capacity as Plaintiff within the past 5 years.

6.      Plaintiff and the proposed Class Members were subjected to similar violations of the Florida Constitution and F.S. § 448.110.  Plaintiff seeks class certification under Fed. R. Civ. P. 23 of the following class for failure to pay Florida's mandated minimum wages pursuant to the Florida Minimum Wage Act ("FMWA") and Fla. Const. Art. X Section 24:

> **Tip Notice Class:**               **All Servers who worked for Defendant at Big Louie's Pizzeria in Hollywood, Florida during the five (5) years preceding this lawsuit, who were not provided the appropriate tip notice pursuant to Fla. Const. Art. X 24(c) and/or F.S. § 448.110.**

7.      The precise size and identity of the class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant; however, Plaintiff estimates that the total number of class members for each proposed class exceeds 40 Servers.

8.      Defendant, Big Louie's principal address is 380 North Park Road, Hollywood, Florida 33021, within the jurisdiction of this Honorable Court.

## JURISDICTION & VENUE

9.      This action is brought under 29 U.S.C. § 216(b), Fed. R. Civ. P. 23, and the FMWA to recover damages from Defendant and reasonable attorney's fees and costs. The relief sought under Florida law in this action is intended to include each and every Server who worked for Defendant at any time within the past five (5) years at Big Louie's in Hollywood, Florida.

10.     This Honorable Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

11.     All acts and omissions giving rise to Plaintiff's claim took place within Broward County, Florida, which falls within the jurisdiction of this Honorable Court.

12.     This Court has jurisdiction and venue over this Class Action Complaint, as Defendant's principal address is in Broward County, Florida, where the subject restaurant operates.

## FLSA COVERAGE

13.     Defendant, Big Louie's, is an enterprise covered by the Fair Labor Standards Act ("FLSA"), Florida Constitution, and F.S. § 448.110, by virtue of the fact that it is an enterprise engaged in commerce or in the production of goods for commerce. Defendant, Big Louie's, had at least two employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

14.     Defendant, Big Louie's employees handled goods such as napkins, silverware, appliances, liquor, beer, food items, credit cards, debit cards, restaurant equipment, pens, chairs, tomato sauce, cheese, olives, pepperoni, tables, vacuum cleaners, steaks, seafood, napkins, silverware, televisions, remote controls, chicken, menus, and other materials that had previously travelled through commerce.

15.     At all material times (during the last five years), Defendant, Big Louie's, had an annual gross revenue in excess of $500,000.00 in 2017, 2018, 2019, 2020, 2021, and is expected to gross in excess of $500,000.00 in 2022.

## GENERAL FACTUAL ALLEGATIONS

16.     Defendant is in the business of providing food and drink to the general public at its pizzeria located in Hollywood, Florida.

17.     Defendant employed Plaintiff and the Class Members as "Servers" at Big Louie's within the past five (5) years.

18.     Plaintiff and Class Members were non-exempt employees of Defendant.

19.     Plaintiff and Class Members' job duties consisted of serving patrons and customers in designated areas which required little to no special or advanced skill.

20.     The work performed by Plaintiff and Class Members was an integral part of the business for Defendant.

21.     Defendant controlled and/or remained responsible for the work of Plaintiff and the Class Members, and otherwise met the factors of the "economic realities test," for the Parties to fall within the definition of employer and employee under federal and Florida law.

22.     Defendant had the power to hire and fire Plaintiff and the Class Members.

23.     Defendant enforced the uniform requirements at the subject restaurant and require Plaintiff and Class Members to purchase and wear certain clothing and uniforms.

24.     Defendant controlled Plaintiff and Class Members' work schedules.

25.     Defendant scheduled Plaintiff and other Class Members to certain shifts.

26.     Defendant required Plaintiff and other Class Members to work a certain number of days during the week.

27.     Defendant required Plaintiff and other Class Members to work on specific days of the week.

28.     Defendant provided training, if needed, that taught the Servers what they needed to know in order to work at the restaurant.

29.     Defendant determined the rate and the method of payment of all Servers including Plaintiff.

30.     Defendant established and enforced the tip pool policies in the restaurant.

31.     Defendant required Plaintiff and all other Servers to contribute certain percentages of the tips they received to a tip pool each shift.

32.     Plaintiff and Class Members worked without being paid the full federal or Florida minimum wage for certain hours worked.

33.     Defendant failed to keep accurate time and pay records for Plaintiff and Class Members to designate how much members of the putative class earned in tips each shift.

34.     During the relevant time period Plaintiff and Class Members worked as Servers the Defendants attempted to take a tip credit toward the requisite federal and Florida Minimum Wages.

35.     Plaintiff and putative Class Members are entitled to receive the full Florida minimum wage for hours spent each shift performing work because they did not receive the required tip notice under Florida and/or federal law.

36.     As a result of these widespread violations, Plaintiff and putative Class Members did not receive the applicable state minimum wage in one or more workweeks within the past five (5) years.

37.     As a result of these widespread violations, Plaintiff and members of the putative class regularly worked hours for which they did not receive the applicable Florida minimum wage in one or more workweeks within the past five (5) years.

38. Defendant maintained *some* records regarding the time Plaintiff and Class Members worked but failed to adequately maintain a full and complete account of all hours worked by the Servers.

39. Defendant violated the terms of the FLSA by not paying Plaintiff at least federal minimum wages for all hours worked.

40. Defendants violated the terms of the Florida Constitution's provision on minimum wages by not paying Plaintiff and putative class members, at least Florida's applicable minimum wage for all hours worked.

41. Plaintiff is entitled to receive at least federal minimum wages for each hour worked.

42. Plaintiff and Class Members are entitled to receive at least Florida's minimum wage for each hour worked.

43. The State of Florida allows employers to take a $3.02 tip credit toward the applicable Florida minimum wage for customarily tipped employees.

44. Defendant failed to notify Plaintiff and putative Class Members that it would be taking a tip credit in the amount of $3.02 per hour based on the tips received by Plaintiff and putative Class Members during their employment.

45. In 2017, the Florida Minimum Wage was $8.10 per hour.

46. In 2017, the applicable reduced wage for tipped employees in Florida was $5.08 per hour.

47. In 2018, the Florida Minimum Wage was $8.25 per hour.

48. In 2018, the applicable reduced wage for tipped employees in Florida was $5.23 per hour.

49. In 2019, the Florida Minimum Wage was $8.46 per hour.

50.     In 2019, the applicable reduced wage for tipped employees in Florida was $5.44 per hour.

51.     In 2020, the Florida Minimum Wage was $8.56 per hour.

52.     In 2020, the applicable reduced wage for tipped employees in Florida was $5.54 per hour.

53.     From January 1, 2021, through September 30, 2021, the Florida Minimum Wage was $8.65 per hour.

54.     From January 1, 2021, through September 30, 2021, the reduced wage for tipped employees in Florida was $5.63 per hour.

55.     From October 1, 2021, through the present the Florida Minimum Wage is $10.00 per hour.

56.     From October 1, 2021, through the present, the reduced wage for tipped employees in Florida is $6.98 per hour.

57.     The additional persons who may become Plaintiffs in this action are employees with positions similarly situated to Plaintiff and who suffered from the same pay practices of not being properly paid at least Florida's minimum wage for hours worked in each of the preceding five (5) years.

58.     The records, to the extent that any exist, concerning the number of hours worked and amounts paid to Plaintiff and Class Members are in the possession, custody, and control of Defendant.

59.     Defendant violated the FLSA by not paying Plaintiff and the putative class members, at least federal minimum wage for certain hours worked.

60.     Defendant violated the FMWA by not paying Plaintiff and the putative class members, at least Florida minimum wage for certain hours worked.

61.     Plaintiff has complied with pre-suit notice, and all other conditions precedent to this action have been performed or waived, by sending Defendant a pre-suit minimum wage demand letter required by Florida law.

62.     More than fifteen (15) days have passed since Defendant received such written pre-suit notice alleged above, and Defendants have failed to tender full payment to compensate Plaintiff and Class Members for the minimum wages owed.

63.     Defendant was aware of the requirements of the FLSA and the FMWA, and the pertinent regulations thereto, yet acted willfully and/or intentionally in failing to pay Plaintiff and the class members in accordance with the law.

64.     The applicable statute of limitations under the Florida Constitution and FMWA is therefore 5 years as opposed to 4 years.

## CLASS ALLEGATIONS

65.     Class members are treated equally and similarly by Defendant, in that they were commonly mistreated by Defendant as they were not paid full and proper Florida minimum wages for all hours worked.

66.     On information and belief, Defendant employed in excess of 40 class members who were not paid Florida's minimum wage for certain hours worked within the past five (5) years.

67.     Defendant failed to provide Plaintiff and class members adequate and sufficient notice that they would be relying upon a tip credit to off-set its wage obligations in relation to the Florida minimum wage.

68.     Plaintiff and class members worked at the same restaurant location in Hollywood, Florida.

69.     Plaintiff and class members performed the same job duties as Servers and were paid in an identical manner by Defendant based on Defendant treating the Servers as tipped employees but not compensating them in accordance with Florida law.

70.     Plaintiff and class members were not paid proper Florida minimum wages for all hours worked.

71.     Defendant failed to keep accurate time and pay records for Plaintiff and all class members.

72.     Defendant was aware of the requirements of Fla. Const. Art. X, §24 yet acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

73.     Plaintiff has hired the undersigned law firm to represent him in this matter and is obligated to pay reasonable attorney's fees and costs if he prevails.

74.     The claims alleged under the Florida Constitution may be pursued by all similarly situated persons pursuant to Fed. R. Civ. P. 23.

75.     The number of individuals in the class is so numerous that joinder of all members is impracticable.  The exact number of members of each class can be determined by reviewing Defendant's records.  Plaintiff, on information and belief, is aware that there are numerous eligible individuals in the defined class and estimates the class size to be in excess of 40 Servers.

76.     Plaintiff will fairly and adequately protect the interests of the class and has retained counsel which is experienced and competent in class action employment litigation.

77.     Plaintiff has no interests that are contrary to or in conflict with the members of the class.

78.     A class action lawsuit, such as this one, is superior to other available means for fair and efficient adjudication of the issues alleged herein.  The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

79.     A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.  Absent these actions, many members of the class likely will not obtain redress of their damages and Defendant will retain the proceeds of their violations of the Florida Constitution.

80.     Even if every member of the class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system.  Concentrating the litigation in one forum will promote judicial economy, efficiency, and parity among the claims of individual members of the class and provide for judicial consistency.

81.     There is a well-defined community of interest in the questions of law and fact affecting the class as a whole.  The questions of law and fact common to the class predominate over any questions affecting solely the individual members.  Among the common questions of law and fact are:

a)      Whether Defendant employed Servers within meaning of the law;

b)      Whether Defendant uniformly, willfully, and wrongfully failed to pay Servers the Florida minimum wage for all hours worked;

c)      What remedies are appropriate compensation for the damages caused to Plaintiff and each member of the class; and

d)      Whether Defendant's failure to compensate Plaintiff and the class members at the applicable Florida minimum wage was willful, intentional, or done with reckless disregard.

82.     The relief sought is common to the entire class including:

a)      Payment by Defendant of actual damages caused by their failure to pay minimum wages pursuant to the Florida Constitution;

b)      Payment by Defendant of liquidated damages caused by their failure to pay minimum wages pursuant to the Florida Constitution;

c)      Payment by Defendant for damages related to unjust enrichment; and

d)      Payment by Defendant of the costs and expenses of this action, including attorney's fees to Plaintiff's counsel.

83.     Plaintiff's claims are typical of the claims of members of the class.

84.     Plaintiff and the class members have sustained damages arising out of the same wrongful and uniform employment policies of Defendant in violation of the Florida Constitution.

85.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance as a class action.

## DEFENDANT REQUIRES PLAINTIFF AND ALL OTHER SERVERS TO SPEND 30 OR MORE CONTINUOUS MINUTES ON NON-TIPPED DUTIES AND SIDE WORK DURING EACH SHIFT

86.     Side work and non-tipped work which take 30 or more continuous minutes is not considered "part of the tipped occupation." *See* 29 C.F.R. § 531.56(f)(4)(ii).

87.     Accordingly, employers are forbidden from taking a tip credit when they compel tipped employees to spend 30 or more continuous minutes on non-tipped duties and side work.

88.     During all times material hereto, Defendant required all servers including Plaintiff to arrive at opening shifts at least 30 minutes before the restaurant was open to the public.

89.     Moreover, during all times material hereto, Defendant required servers to perform side work and non-tipped duties for 30 or more continuous minutes at the end of closing shifts, often when servers did not have any customers and the restaurant was closed to the public.

90.     Plaintiff is entitled to recover at least federal minimum wage for time spent performing "non-tipped" duties and side work which equals or exceeds 30 continuous minutes per shift.

91.     As a result of Defendant's intentional and willful failure to comply with the FLSA and the FMWA, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of these claims.

## COUNT I – COLLECTIVE ACTION FOR FEDERAL MINIMUM WAGE VIOLATIONS
### (TIP NOTICE COLLECTIVE)

92.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 91 as though set forth fully herein.

93.     Plaintiff was entitled to be paid full federal minimum wage in one or more workweeks for certain hours worked during his employment with Defendant.

94.     Defendant attempted to rely on the FLSA's tip credit but failed to provide Plaintiff with the requisite notice of the tip credit required under federal law.

95.     Plaintiff is therefore entitled to receive full federal minimum wage at the rate of $7.25 per hour for every hour he worked.

96.     Defendant knew Plaintiff performed work but willfully failed to pay Plaintiff full federal minimum wage contrary to the FLSA.

97.     As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in the loss of federal minimum wages for one or more weeks of work during his employment with Defendant.

98.     Defendant's willful and/or intentional violations of law entitle Plaintiff to an additional amount of liquidated, or double, damages.

99.     As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, JOSHUA WINDHEIM, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, JG RESTAURANT VENTURES LLC, and award Plaintiff: (a) unliquidated federal minimum wages to be paid by the Defendant; (b) an equal amount of liquidated damages to be paid by the Defendant; (c) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court may deems just and reasonable under the circumstances.

## COUNT II – RULE 23 CLASS ACTION FOR FLORIDA MINIMUM WAGE VIOLATIONS
### (TIP NOTICE CLASS)

100.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 91 as though set forth fully herein.

101.     Defendant violated the terms of F.S. § 448.110 and the Florida Constitution's provision on minimum wages by attempting to take a tip credit toward the applicable Florida minimum wage but failing to provide Plaintiff and putative class members the appropriate tip notice within the past 5 years as required under Florida law.

102.     Defendant therefore forfeits any tip credit under Florida law and owes each Server *at least* $3.02 for each hour of work they performed within the past 5 years in time periods in which Defendant failed to comply with the reduced wage requirements.

103.     On July 26, 2022, Plaintiff served Defendant with a Notice pursuant to Fla. Stat. § 448.110, on behalf of himself, and a class of all those similarly situated to Plaintiff.

104.    More than 15 days have elapsed since Plaintiff's service of his Notice on Defendant, and Defendant has failed to tender full payment to Plaintiff.

105.    Plaintiff and the class members are entitled to receive at least Florida's minimum wage for certain hours worked.

106.    In 2017, the Florida Minimum Wage was $8.10 per hour.

107.    In 2018, the Florida Minimum Wage was $8.25 per hour.

108.    In 2019, the Florida Minimum Wage was $8.46 per hour.

109.    In 2020, the Florida Minimum Wage was $8.56 per hour.

110.    From January 1, 2021, through September 30, 2021, the Florida Minimum Wage was $8.65 per hour.

111.    From October 1, 2021, through the present the Florida Minimum Wage is $10.00 per hour.

112.    Plaintiff and the proposed Tip Notice Class members were subjected to similar violations of the FMWA and Florida Constitution.  Plaintiff seeks class certification under Fed. R. Civ. P. 23 of the following class for Defendant's failure to pay Florida's mandated minimum wages:

> **All Servers who worked for Defendant at Big Louie's Pizzeria in Hollywood, Florida during the five (5) years preceding this lawsuit, who were not provided the appropriate tip credit notice pursuant to Fla. Const. Art. X 24(c) and/or F.S. § 448.110.**

RULE 23 CLASS ALLEGATIONS

113.    Plaintiff brings this FMWA claim as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the above class (the "Tip Notice Class").

114.    The putative Tip Notice Class members are treated equally and similarly by Defendant, in that they were denied full and proper Florida minimum wage based upon the

Defendant's failure to provide Plaintiff and similarly situated Servers the notice of Defendant's intent to rely upon a tip credit under Florida law.

115.     *Numerosity:* Defendant employed in excess of 40 Servers in the class during the past five (5) years who were not provided the required tip notice when Defendant attempted to take a tip credit under Florida law. Given Defendant's considerable size and the systematic nature of its failure to comply with Florida law, the members of the Class are so numerous that joinder of all members is impractical.

116.     Plaintiff and the class members were subject to the same policies.

117.     *Commonality:* Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting any individual member of the Class, including Plaintiff.   Such questions common to the Class include, but are not limited to the following:

(a)     Whether Plaintiff and the Tip Credit Class were "employees" of Defendant;

(b)     Whether Plaintiff and the Tip Credit Class's hours were properly recorded;

(c)     Whether Defendant violated the Florida minimum wage rights of Plaintiff and the Tip Notice Class under the FMWA by failing to provide sufficient notice of the tip credit to these employees;

(d)     Whether Defendant willfully or intentionally refused to pay Plaintiff and the Tip Notice Class the Florida minimum wages as required under Florida law;

(e)     Whether Defendant knew or should have known of the Florida minimum wage requirements and either intentionally avoided or recklessly failed to investigate proper payroll practices; and

(f)     The nature, extent, and measure of damages suffered by the Plaintiff and the Tip Notice Class based upon Defendant's conduct.

118.    *Typicality:* Plaintiff's claims are typical of the claims of the members of the Tip Notice Class.  Plaintiff's claims arise from the Defendant's company-wide policy of paying all Servers a reduced wage without providing the proper tip credit notice which resulted in them not receiving the applicable Florida minimum wage.

119.    *Adequacy*: Plaintiff will fairly and adequately protect the interests of the Tip Notice Class.  Plaintiff has no interest that might conflict with the interests of the Tip Notice Class. Plaintiff is interested in pursuing his claims against Defendant vigorously and has retained counsel competent and experienced in class and complex litigation.

120.    Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

121.    Defendant has acted on grounds generally applicable to the Tip Notice Class, thereby making relief appropriate with respect to the Tip Notice Class as a whole.  Prosecution of separate actions by individual members of the Tip Notice Class would create the risk of inconsistent or varying adjudications with respect to the individual members of the Tip Notice Class that would establish incompatible standards of conduct for Defendant.

122.     Without a class action, Defendant will likely continue to retain the benefit of their wrongdoing and will continue a course of conduct that will result in further damages to Plaintiff and the Tip Notice Class.

123.     Plaintiff and the Tip Notice Class members performed the same job duties, as Servers, and were paid in an identical manner by Defendant based on Defendant's failure to provide Plaintiff and the Tip Notice Class members the appropriate tip credit notice when they took a tip credit.

124.     Plaintiff and the Tip Notice Class members were not paid proper Florida minimum wage for the hours worked.

125.     Defendant was aware of the requirements of the FMWA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the Tip Notice Class members in accordance with the law.

126.     The precise size and identity of the class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant; however, Plaintiff estimates that the total number of putative Tip Notice Class members exceeds 40 Servers.

127.     This action is intended to include each and every Server who worked at Defendant's restaurant in Hollywood, Florida, during the past five (5) years and was not provided the requisite tip credit notice when Defendant attempted to take a tip credit.

128.     During all material times hereto, Plaintiff and all Tip Notice Class members were non-exempt employees of Defendant.

129.     Plaintiff and the Tip Notice Class members performed work as servers which was an integral part of the business for Defendant.

130.    Defendant violated the terms of the FMWA and Florida Constitution's provision on minimum wages by not providing Plaintiff and the putative Tip Notice Class members the requisite notice of the tip credit, and then failing to compensate Plaintiff and the putative Tip Notice Class members at least Florida's minimum wage for all hours worked.

131.    The additional persons who may become Plaintiffs in this action are employees with positions similarly situated to Plaintiff and who suffered from the same pay practices of not being properly paid at least Florida's minimum wage for each hour worked.

132.    Plaintiff has complied with pre-suit notice, and all other conditions precedent to this action have been performed, or waived, by sending Defendant a pre-suit Florida Minimum Wage demand letter as required by Florida law before this claim was filed.

133.    More than fifteen (15) calendar days have passed since Defendant received the Florida Minimum Wage demand letter and Defendant has failed to tender full payment to compensate Plaintiff and the Tip Notice Class members for the Florida minimum wage damages owed.

134.    A class action suit, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

135.    A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.  Absent these actions, many members of the class likely will not obtain redress of their damages and Defendant will retain the proceeds of their violations of the FMWA and Florida Constitution.

136.    Furthermore, even if every member of the class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy, efficiency, and parity among the claims of individual members of the class and provide for judicial consistency.

137.    The relief sought is common to the entire class including, inter alia:

(a)    Payment by the Defendant of actual damages caused by their failure to pay minimum wages pursuant to the Florida Constitution and/or F.S. § 448.110;

(b)    Payment by the Defendant of liquidated damages caused by their failure to pay minimum wages pursuant to the Florida Constitution and/or F.S. § 448.110 as a result of Defendant's intentional and/or willful violations;

(c)    Payment by the Defendant of the costs and expenses of this action, including reasonable attorney's fees of Plaintiff's counsel.

138.    Plaintiff and the Tip Notice Class members have sustained damages arising out of the same wrongful and company-wide employment policies of Defendant in violation of the FMWA and Florida Constitution.

139.    As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, JOSHUA WINDHEIM, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, JG RESTAURANT VENTURES LLC, and award Plaintiff, and the putative class: (a) unliquidated Florida minimum wage damages to be paid by Defendant; (b) liquidated damages to be paid by Defendant; (c) all reasonable attorney's fees and costs as permitted under Florida law to be paid by Defendant, and any and all such further relief as this Court may deem just and reasonable under the circumstances.

## COUNT III – COLLECTIVE ACTION FOR FEDERAL MINIMUM WAGE VIOLATIONS
### (SUBSTANTIAL SIDE WORK COLLECTIVE)

140.    Plaintiff re-alleges and re-avers Paragraphs 1 - 91 as though set forth fully herein.

141.    Defendant claimed a tip credit for each hour of work for Plaintiff and all other servers during the relevant time period.

142.    Plaintiff and all other similarly situated servers are/were entitled to be paid full *federal minimum wage* for all hours worked during their employment with Defendant.

143.    Plaintiff seeks recovery of federal minimum wages under 29 U.S.C. § 216(b) for himself and the following collective because of Defendant's failure to pay federally mandated minimum wages:

> **All Servers who worked for Defendant at Big Louie's Pizzeria in Hollywood, Florida, during the three (3) years preceding this lawsuit who were required to spend thirty (30) or more continuous minutes on non-tipped duties and side work during any shift.**

144.    Defendant violated the FLSA because they required servers to spend thirty (30) or more continuous minutes on non-tipped duties and side work.

145.    Defendant required Plaintiff and all other servers to spend substantial time working on tip supporting work, side work and non-tipped duties and claimed a tip credit for this work (instead of paying these employees the full applicable minimum wage).

146.    Because Plaintiff and all other similarly situated employees were forced to spend thirty (30) or more continuous minutes on non-tipped duties and side work, Defendant is not permitted to take the applicable tip credit.

147.     As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff and the collective members have been damaged in the loss of minimum wages for one or more weeks of work during the previous three (3) years.

148.     Defendants' willful and/or intentional violations of entitle Plaintiff and the putative collective members to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, JOSHUA WINDHEIM, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, JG RESTAURANT VENTURES, LLC, and award Plaintiff, and all others similarly situated: (a) unliquidated federal minimum wages; (b) an equal amount of liquidated damages; (c) all reasonable attorney's fees and litigation costs permitted under the FLSA; and any and all such further relief as the Court deems just and reasonable under the circumstances.

### COUNT IV – COLLECTIVE ACTION FOR FEDERAL OVERTIME WAGE VIOLATIONS
### (FEDERAL OVERTIME COLLECTIVE)

149.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 91 as though set forth fully herein.

150.     Plaintiff alleges this claim pursuant to 29 U.S.C. § 207 and 29 U.S.C. § 216(b) of the FLSA to recover all overtime wages Defendant failed to pay him during the course of his employment.

151.     In one or more workweeks of his employment Plaintiff worked in excess of 40 hours per week but was not compensated at the rate of time-and-one-half his regular hourly rate for hours worked over 40 in a workweek.

152.     Defendant knew Plaintiff worked overtime hours, and knew, or should have known, of the requirements of the FLSA, and intentionally and/or willfully violated the law and Plaintiff is therefore entitled to recover liquidated, or double, damages.

153.     Plaintiff has been required to retain the undersigned counsel to enforce his rights under federal law and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, JOSHUA WINDHEIM, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, JG RESTAURANT VENTURES LLC, and award Plaintiff: (a) unliquidated federal overtime wages to be paid by the Defendant; (b) an equal amount of liquidated damages to be paid by the Defendant; (c) all reasonable attorney's fees and litigation costs as permitted under the FLSA to be paid by Defendant; and any and all such further relief as this Court may deems just and reasonable under the circumstances.

## COUNT V – FLSA RETALIATION
### (solely as to Plaintiff, Windheim)

154.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 91 as though set forth fully herein.

155.     Pursuant to 29 U.S.C. § 215(a)(3), it is unlawful to discharge or in any other manner discriminate against an employee because such employee has filed any complaint or caused to be instituted any proceeding under or related to the FLSA.

156.     Plaintiff had a history of excellent work performance during all time periods relevant to his employment with Defendant.

157.     On or about April 19, 2022, Defendant was notified through one of its managers, Katharine, that Plaintiff had raised complaints concerning unlawful wage and hour and tipping practices at Big Louie's in Hollywood, Florida, that are addressed in this lawsuit.

158.     Plaintiff asserted his right to receive federally mandated overtime wages under the FLSA and Defendant was made aware of these complaints.

159.     Plaintiff advised Defendant that if it did not come into compliance with the FLSA's overtime laws that he would notify the labor board and proceed with vindicating his rights.

160.     When Defendant was notified of Plaintiff's complaints, Defendant, through its manager Katharine, immediately terminated Plaintiff's employment via text message.

161.     A direct causal relationship exists between Plaintiff asserting his rights under the FLSA and the abrupt termination that occurred just minutes after Defendant was made aware of these complaints.

162.     Any other justification for termination cited by Defendant is mere pretext in an attempt to cover-up the true intention behind its actions.

163.     Plaintiff has undertaken efforts to mitigate his damages.

164.     As a direct result of Defendant's conduct, Plaintiff has suffered loss of back pay, loss of future pay, loss of reputation, emotional damages, and has been otherwise damaged in an amount to be proven at trial.

WHEREFORE, Plaintiff, JOSHUA WINDHEIM, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, JG RESTAURANT VENTURES LLC, and award Plaintiff: (a) all compensatory, economic, and/or emotional damages arising from Defendant's unlawful retaliation under the FLSA and to be paid by Defendant; (b) liquidated damages under the FLSA to be paid by Defendant; and (c) all reasonable attorney's fees and costs incurred as permitted under the FLSA to be paid by Defendant; and any and all such further relief as this Court may deem just and equitable under the circumstances.

## **JURY DEMAND**

Plaintiff and Class Members hereby demand trial by jury on all counts above.

**Dated this 7th of September 2022.**

Respectfully submitted,

**USA EMPLOYMENT LAWYERS –
JORDAN RICHARDS, PLLC**
1800 SE 10th Ave. Suite 205
Fort Lauderdale, Florida 33301
*Counsel for Plaintiffs*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
*Jordan@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on September 7, 2022.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST: