**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO. 22-CV-61673-AHS**

JOSHUA WINDHEIM, on behalf of himself
and all others similarly situated,

    Plaintiff(s),

v.

JG RESTAURANT VENTURES, LLC d/b/a
BIG LOUIE'S PIZZERIA, a Florida limited
liability company,

    Defendant.
_____/

**JOINT MOTION FOR *IN CAMERA* REVIEW AND APPROVAL OF THE PARTIES'
SETTLEMENT AGREEMENT AND STIPULATION FOR DISMISSAL
OF THIS CASE WITH PREJUDICE**

Plaintiff, Joshua Windheim ("**Plaintiff**"), and Defendant, JG Restaurant Ventures, LLC ("**Defendant**") (Plaintiff and Defendant are collectively referred to herein as the "**Parties**"), hereby file this Motion for *In Camera* Review and Approval of the Parties' Settlement Agreement and Stipulation for Dismissal of this case *with prejudice*, and respectfully state as follows:

**INTRODUCTORY BACKGROUND**

1. On September 7, 2022, Plaintiff filed his Class/Collective Action Complaint for Damages [ECF No. 1], alleging, on behalf of himself and a proposed collective class, violations of the overtime and minimum wage provisions of the Fair Labor Standards Act ("**FLSA**"), 29 U.S.C. § 201 *et seq.*, Florida Minimum Wage Act, and Florida Constitution Article X § 24 (a) against Defendant.

2. The Parties thereafter exchanged documentation and information, as well as engaged in discussions to resolve this case.

3. Those good-faith discussions were successful and, on September 8, 2022, the Parties reached an agreement in principle to resolve all claims asserted in this case by Plaintiff, conditioned on this Court's granting of this Motion and approval of the Parties' Settlement Agreement (the "**Settlement Agreement**").

4. Despite agreeing to resolve Plaintiff's claims in this case, Defendant continues to vehemently deny that Plaintiff was not properly compensated pursuant to the applicable provisions of the FLSA, and/or that Defendant violated any applicable provisions of the FLSA.

5. Notwithstanding the factual and legal defenses Defendant believes are applicable in this matter, Defendant has agreed to amicably resolve the instant litigation, again, conditioned on this Court's granting of this Motion and its approval of the Settlement Agreement.

6. Similarly, Plaintiff has also agreed to amicably resolve this matter.

7. The Parties jointly represent to this Honorable Court that there has been sufficient investigation and exchange of information to allow counsel for Plaintiff and Defendant to properly evaluate the Parties' claims and defenses and make recommendations regarding the resolution of this matter.

8. Importantly, the Settlement Agreement contains a confidentiality provision as to the terms and conditions of the Settlement Agreement. Given the foregoing, the Parties request

this Court permit the Parties to submit the Settlement Agreement for *in camera* review to preserve the confidential nature of the Settlement Agreement.[1]

9. As a result, the Parties respectfully request this Court review the Settlement Agreement *in camera*. In the event this Court denies the requested *in camera* submission/review of the Settlement Agreement, the Parties, *in the alternative*, respectfully request this Court grant the Parties permission to file the Settlement Agreement under seal, as delineated in Local Rule 5.4 of the Local Rules for the Southern District of Florida. If this Court is also not inclined to permit the filing of the Settlement Agreement under seal, the Parties then request a fairness hearing be held where the Parties will be prepared to discuss the terms of the Settlement Agreement and reasonableness of the resolution. If this Court will not permit submission of the Settlement Agreement by way of any of the aforementioned means, Defendant will consent to the filing of the Settlement Agreement.

## **MEMORANDUM OF LAW**

In the Eleventh Circuit, in order to ensure that an employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or approved by the District Court. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). In the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may resolve and release FLSA claims against an employer if the parties present the District Court with a proposed agreement and the District Court enters an Order

---

[1] In the event this Court denies the requested *in-camera* submission/review of the Settlement Agreement, the Parties, in the alternative, respectfully request this Court grant the Parties permission to file the Settlement Agreement under seal, as delineated in Local Rule 5.4 of the Local Rules for the Southern District of Florida. If this Court is also not inclined to permit the filing of the Settlement Agreement under seal, the Parties then request a fairness hearing be held where the Parties will be prepared to discuss the terms of the Settlement Agreement and reasonableness of the resolution.

approving the agreement. *Id*. at 1353; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA agreement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354. The resolution of the instant action involves a situation in which this Court may approve the Settlement Agreement to resolve and dismiss Plaintiff's FLSA claims against Defendant. The proposed Settlement Agreement arises out of an action brought by Plaintiff against his former employer, JG Restaurant Ventures, LLC, which was adversarial in nature.

Specifically, Plaintiff alleges Defendant purportedly required Plaintiff to spend 30 or more continuous minutes on non-tipped duties and side work during each shift and purportedly took a forbidden tip credit. Therefore, Plaintiff alleges Defendant did not pay Plaintiff full federal and state minimum wage in one or more workweeks for certain hours worked during Plaintiff's former employment with Defendant. Plaintiff further alleges that in one or more workweeks of his former employment with Defendant, Plaintiff worked in excess of 40 hours per week but was not compensated at the rate of time-and-one-half his regular hourly rate for hours worked over 40 in a

workweek. Defendant adamantly denies Plaintiff's allegations, and contends Plaintiff was properly paid throughout his employment with JG Restaurant Ventures, LLC. Based on the foregoing, there remains a *bona fide* dispute as to whether any liability exists, and a jury could ultimately determine that Plaintiff is owed nothing or that Defendant violated the FLSA. The Parties have removed the uncertainty and expense associated with further litigation and/or arbitration by resolving Plaintiff's claims now.

In order to avoid continued costs and the uncertainty of litigation or arbitration, the Parties have negotiated a fair and reasonable settlement in this matter. Defendant neither admits liability, and Plaintiff does not admit a lack of liability. Defendant expressly denies all liability whatsoever to Plaintiff. Given the amount of alleged unpaid wages, overtime wages and liquidated damages claimed by Plaintiff, and the possibility of Plaintiff recovering nothing, the Parties agree that the agreed upon resolution is a fair compromise. The amounts received by Plaintiff as set forth in the Settlement Agreement is potentially more than Plaintiff would have recovered had he gone to trial due to the uncertainty of litigation. As such, the Parties both faced risks if litigation continued. Therefore, in order to avoid additional costs and the uncertainty of litigation, the Parties have agreed to a settlement.

The Settlement Agreement also provides for attorneys' fees and costs to be paid to Plaintiff's counsel. Awards for attorneys' fees and costs in FLSA cases often exceed the amount of damages at issue for the plaintiff(s), and fee awards need not be proportional to the recovery for the plaintiff(s). *Riverside v. Rivera*, 477 U.S. 561, 578 (1986) ("A rule of proportionality would make it difficult, if not impossible, for individuals with meritorious civil rights claims but relatively small potential damages to obtain redress from the courts.").

This Court's obligation to assess the fairness and reasonableness of FLSA settlements encompasses "review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009). The parties may demonstrate the reasonableness of the attorney fees by either: 1) demonstrating the reasonableness of the proposed attorney fees using the lodestar method; or 2) representing that the parties agreed to plaintiff's attorney fees separately and without regard to the amount paid to settle plaintiff's FLSA claim. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). Here, the Parties agreed to Plaintiff's attorney fees separately and without regard to the amount paid to settle Plaintiff's FLSA claim.

As mentioned *supra*, the Settlement Agreement contains a confidentiality provision as to the terms and conditions of the Settlement Agreement. As a result, the Parties respectfully request this Court review the Settlement Agreement *in camera*. To that end, this Court and other Courts in this District and Circuit have permitted *in camera* review of settlement agreements in FLSA litigation where the Court is familiar with the factual and legal issues of the case. *See, e.g., Moore v. S. Fla. Restoration, Inc.*, No. 18-21956-CIV, 2018 WL 6620872, at *1 (S.D. Fla. Nov. 16, 2018) (approving settlement agreement and dismissing action with prejudice after reviewing settlement agreement *in camera*); *Antunez v. City of Miami*, No. 14-22484-CIV, 2014 WL 12571406, at *1 (S.D. Fla. Oct. 20, 2014) (same); *Denise Tardiff, v. Mom's Kitchen Inc.*, No. 19-61316-CIV (S.D. Fla. Aug. 21, 2019) (same); *Ammirati v. Lutheran Servs. Fla., Inc.*, No. 2:09-CV-496-FTM-29SPC, 2010 WL 148724, at *2 (M.D. Fla. Jan. 13, 2010) (same); *Nunnink v. Wholesale Pictures & Mirrors, LLC*, No. 2:09-CV-365-FTM36-S, 2010 WL 338098, at *2 (M.D. Fla. Jan. 22, 2010) (same); *Garcia v. Dascor Corporation,* 21-60359-CIV-COHN/STRAUSS, D.E. 17 (S.D. Fla. July 19, 2021) (Cohn,

J.); *Turnbull v. Bowman Consulting Group, Ltd., Inc.,* 20-cv-60864-AHS, D.E. 52 (S.D. Fla. June 7, 2021) (Singhal, J.).

Given the foregoing, the Parties have contemporaneously submitted the Settlement Agreement to this Court *via* email for *in camera* review and submit that the terms set forth in the Settlement Agreement are a fair and reasonable resolution of bona fide disputes between the Parties.

WHEREFORE, the Parties respectfully request this Honorable Court enter the attached proposed order granting the Motion for *In Camera* Review and Approval of Settlement Agreement, and dismissing this case with prejudice, and entering any and all such further relief as may be deemed just and appropriate in light of the foregoing. In the event this Court denies the requested *in camera* submission/review of the Settlement Agreement, the Parties, in the alternative, respectfully request this Court grant the Parties permission to file the Settlement Agreement under seal, as delineated in Local Rule 5.4 of the Local Rules for the Southern District of Florida. If this Court is also not inclined to permit the filing of the Settlement Agreement under seal, the Parties then request a fairness hearing be held where the Parties will be prepared to discuss the terms of the Settlement Agreement and reasonableness of the resolution.

Dated: September 21, 2022

Respectfully submitted,

| | |
|---|---|
| /s/ Jordan L. Richards<br>Jordan L. Richards, Esq. (Fla. Bar No. 108372)<br>jordan@jordanrichardspllc.com<br>Jake S. Blumstein, Esq. (Fla. Bar No. 1017746)<br>jake@jordanrichardspllc.com<br>**USA EMPLOYMENT LAWYERS-**<br>**JORDAN RICHARDS, PLLC**<br>805 E. Broward Blvd., Suite 301<br>Fort Lauderdale, Florida 33301<br>(T): (954) 871-0050<br>(F): (954) 463-1245<br><br>*Counsel for Plaintiff* | /s/ Scott A. Bassman<br>Scott A. Bassman, Esq. (Fla. Bar No. 232180)<br>Email: scott.bassman@csklegal.com<br>Matthew A. Green, Esq. (Fla. Bar No. 1019717)<br>Email: matthew.green@csklegal.com<br>**COLE, SCOTT & KISSANE, P.A.**<br>110 Tower, 110 S.E. 6th Street, Ste. 2700<br>Ft. Lauderdale, Florida 33301<br>Telephone: (954) 703-3700<br>Facsimile: (954) 703-3701<br><br>*Counsel for Defendant* |