UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-61673-DAMIAN

JOSHUA WINDHEIM, *individually,*
*and on behalf of all others similarly situated*,

    Plaintiff,
vs.

JG RESTAURANT VENTURES, LLC,
d/b/a BIG LOUIE'S PIZZERIA,

    Defendant.
_____/

## ORDER APPROVING SETTLEMENT
## AND DISMISSING CASE WITH PREJUDICE

THIS CAUSE is before the Court on Plaintiff, Joshua Windheim's ("Plaintiff"), and Defendant, JG Restaurant Ventures, LLC's ("Defendant") (collectively, the "Parties"), Joint Motion for *In Camera* Review and Approval of the Parties' Settlement Agreement and Stipulation for Dismissal of this Case with Prejudice (the "Joint Motion"). [ECF No. 6]. This matter is before the Court upon the parties' Consent to Proceed Before a United States Magistrate Judge. [ECF No. 10]. *See* 28 U.S.C. § 636(c).

THE COURT has considered the parties' Joint Motion, the proposed Settlement Agreement, which was submitted to this Court *in camera* on September 26, 2022, the pertinent portions of the record and relevant legal authorities, heard from the parties, through counsel, who appeared by Zoom for a Fairness Hearing on October 12, 2022, and is otherwise fully advised in the premises. For the following reasons, the parties' Joint Motion is granted, the Settlement Agreement is approved, and the case is dismissed with prejudice.

##    I.      FACTUAL AND PROCEDURAL BACKGROUND

On September 7, 2022, Plaintiff filed a five-count Class/Collective Action Complaint for Damages alleging, on behalf of himself and the purported collective class, violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Florida Minimum Wage Act ("FMWA"), Fla. Stat. § 448.110, for unpaid minimum wages (Counts I–III), violations of the FLSA for unpaid overtime wages (Count IV), and retaliation under the FLSA solely on behalf of himself (Count V). *See* ECF No. 1 (the "Complaint").

According to the allegations in the Complaint, Plaintiff worked as a server at Defendant's restaurant from March 2022 through on or about April 19, 2022. *See id.* at ¶ 4. In Counts I through III, Plaintiff alleges federal and state minimum wage violations. Specifically, he claims Defendant required servers, including himself, to contribute certain percentages of the tips they received to a tip pool each shift. *Id.* at ¶¶ 30–31. Plaintiff alleges that Defendant failed to notify him and the Class Members that Defendant would be taking a tip credit to offset its minimum wage obligations. *Id.* at ¶¶ 32–60; 67. Based on these allegations, Plaintiff asserts Defendant violated the FLSA and the FMWA by not paying Plaintiff and the Class Members the applicable minimum wage in one or more workweeks within the past five years. *Id.* at ¶ 36. Additionally, Plaintiff alleges that Defendant required all servers, including Plaintiff, to spend thirty or more continuous minutes on non-tipped duties and side work during each shift, in violation of the FLSA and the FMWA. *Id.* ¶¶ 86–91. In Count IV, Plaintiff alleges that in one or more workweeks of his employment with Defendant, he worked in excess of forty (40) hours per week but that he was not paid overtime wages for the hours he worked in excess of forty (40) hours per week. *Id.* at ¶ 151. In Count V, Plaintiff alleges he was terminated for asserting his rights under the FLSA. *Id.* at ¶¶ 154–64.

Soon after Plaintiff filed his Complaint, on September 21, 2022, the parties submitted the Joint Motion now before the Court seeking an *in camera* review and approval of their proposed Settlement Agreement, pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), and dismissal of the action with prejudice. *See* Joint Motion.

In the Joint Motion, Defendants deny any wrongdoing under the FLSA and maintain that Plaintiff was properly compensated. *Id.* at ¶ 4. The Joint Motion indicates that although Defendants deny any wrongdoing, the parties negotiated a settlement to avoid the costs and uncertainty of litigation. *Id*. at 5. According to the Joint Motion, counsel for both parties agree the proposed settlement represents a fair and reasonable resolution of a bona fide dispute between the Parties. *Id.* at 7. The Parties represent they exchanged documentation and information and engaged in good-faith discussions to reach an agreement in principle to resolve all claims in this case. *Id.* at ¶ 3. The Joint Motion also indicates that Plaintiff's attorney's fees and costs were negotiated separately from Plaintiff's claims and that the amount recovered in attorney's fees and costs by Plaintiff's counsel is fair and reasonable. *Id.* at 6. Lastly, in the Joint Motion, the parties request an *in camera* review of their proposed Settlement Agreement in order to maintain the confidentiality provision concerning the terms and conditions of the Parties' settlement. *Id.*

## II.   APPLICABLE LEGAL STANDARDS

Section 206 of the FLSA establishes the federally mandated minimum hourly wage, and Section 207 prescribes overtime compensation of "one and one-half times the regular rate" for each hour worked in excess of forty hours during a given workweek. 29 U.S.C. §§ 206, 207. An employer who violates the FLSA is liable to its employee for both unpaid minimum wages or overtime compensation and for an equal amount in liquidated damages.

29 U.S.C. § 216(b). The provisions of the FLSA are mandatory and "cannot be abridged by contract or otherwise waived" between employers and employees. *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981). Nevertheless, there two ways in which claims arising under the FLSA can be settled or compromised by employees: (1) if the payment of unpaid minimum wage/overtime pay is supervised by the Secretary of Labor; or (2) in a private lawsuit brought by an employee against his or her employer, if the parties present the district court with a proposed settlement agreement and the district court enters a stipulated judgment after scrutinizing the settlement for fairness. *See* 29 U.S.C. § 216(c); *Lynn's*, 679 F.2d at 1352–53.

The Eleventh Circuit has held that the compromise of FLSA claims is allowed under the following circumstances:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's*, 679 F.2d at 1354. Thus, an employee may compromise a claim if the district court determines that the compromise "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355.

When evaluating an FLSA settlement agreement, the district court considers both whether the settlement is fair and reasonable to the employee (*i.e.*, "internal" factors) and whether the settlement frustrates the purpose of the FLSA (*i.e.*, "external" factors). Factors

4

considered "internal" include: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel. *Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994); *see also Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241–44 (M.D. Fla. 2010). There is a "'strong presumption' in favor of finding a settlement fair." *Walker v. Kirkman Mgmt., LLC*, No. 20-1149, 2022 WL 1037369, at * 2 (M.D. Fla. Mar. 18, 2022) (quoting *Cotton v. Hinton*, 559 F.2d 1336, 1331 (5th Cir. 1977)). Additionally, "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).

### III.    DISCUSSION

To preserve the confidentiality of their agreement, the Parties request the Court perform an *in camera* review of their proposed Settlement Agreement. The Court has reviewed the terms and conditions of the proposed Settlement Agreement, which was submitted to this Court via e-mail on September 26, 2022.

#### A.  *Settlement Amount*

As noted above, both parties are represented by counsel and agree the negotiated settlement amount is fair and reasonable such that there exists no compromise of Plaintiff's FLSA claims. *See* Joint Motion at 7. Based on the Parties' representations regarding the alleged claims, the Court finds the Settlement Agreement, including the settlement amount, represents a fair and reasonable resolution of a bona fide dispute between the Parties under

5

all the circumstances presented and that Plaintiff has not unfairly compromised his FLSA claims. The Court also finds the Settlement Agreement promotes the policy of encouraging settlement of litigation of FLSA claims. *Lynn's*, 679 F.2d at 1354.

### B. *Attorney's Fees And Costs*

In an FLSA action, the court "shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, 307 F. App'x at 351.

Based on the parties' representation that Plaintiff's attorney's fee was agreed upon separately and without regard to the amount paid to Plaintiff, and finding the Settlement Agreement is otherwise reasonable on its face, the Court finds there is no reason to believe that Plaintiff's recovery was adversely affected by the amount of fees paid to her attorney. Therefore, this Court may approve the Settlement Agreement without separately considering the reasonableness of the fee paid to Plaintiff's counsel. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

In any event, this Court has considered counsel's hourly rate and experience, as discussed on the record at the hearing, and finds the number of hours expended and the hourly rate is reasonable based on the facts and circumstances of this case. The Court may rely on its own experience in determining reasonableness of fees, and this Court does so here. *See Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) ("The court, either trial or appellate, is itself an expert on the question [of reasonable hourly rates and hours expended] and may consider its own knowledge and experience concerning reasonable and

proper fees and may form an independent judgment either with or without the aid of witnesses as to value." (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940))).

Accordingly, the Court finds the fees and costs to be paid to Plaintiff's counsel pursuant to the Settlement Agreement is reasonable and has not adversely affected the amounts paid to Plaintiff for his claims under the Agreement.

## IV. FINDINGS

The Court has considered the factors outlined in *Lynn's Food Stores*; the factual positions of the Parties; the existence (or lack thereof) of documents supporting or corroborating the Parties' positions; the strengths and weaknesses in the Parties' respective positions; and the Parties' desires to resolve their disputes without protracted litigation.

As set forth above, the Court finds that the settlement represents a genuine compromise of a bona fide dispute between the Parties. Defendant, who denies liability, has agreed to pay Plaintiff more than it believes Plaintiff is due under the law. The Parties have agreed to settle as a result of reasonable strategic and financial considerations.

The Court also finds that the settlement occurred in an adversarial context and that there are genuine coverage and computation issues in dispute. The Court further finds that the settlement reached by the Parties represents a reasonable compromise by both sides and is fair and reasonable and that the amount claimed as payment for Plaintiff's counsel's fees and costs is also reasonable.

## V. CONCLUSION

Accordingly, for the reasons stated above, and as discussed on the record, it is hereby

ORDERED and ADJUDGED that the Joint Motion for *In Camera* Review and Approval of the Parties' Settlement Agreement and Stipulation for Dismissal of this Case with

Prejudice [ECF No. 6] is **GRANTED**, and the Parties' Settlement Agreement is **APPROVED** as fair and reasonable in its entirety. It is further

ORDERED and ADJUDGED that the case is **DISMISSED WITH PREJUDICE**. All pending motions, if any, are **DENIED AS MOOT**. The Clerk is directed to **CLOSE** this case.

**DONE and ORDERED** in Chambers at Miami, Florida this 14th day of October 2022.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record